IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRAZEIK EDWARDS,<br>KOREE SIMELTON,<br>KENNY WAYNE SIMELTON,<br>ERIC OLIVER,<br>SHAMEKA NELSON, and<br>JAMIKA C. SUEING,<br>Plaintiffs, | Case No. 19–CV–00879–JPG |
| v. | CONSOLIDATED CASE |
| ALEXANDER COUNTY HOUSING<br>AUTHORITY,<br>JAMES WILSON,<br>THOMAS UPCHURCH,<br>JOANNE PINK, and<br>MARTHA FRANKLIN,<br>Defendants. | No. 19–CV–00880–JPG<br>No. 19–CV–00881–JPG<br>No. 19–CV–01116–JPG<br>No. 19–CV–01253–JPG<br>No. 19–CV–01328–JPG |

## **MEMORANDUM OPINION AND ORDER**

This is a consolidated civil-rights case. Before the Court are Defendants Alexander County Housing Authority, James Wilson, Thomas Upchurch, Joanne Pink, and Martha Franklin's motions to compel, (ECF Nos. 44–48, 52), and Plaintiff Kenny Wayne Simelton's Motion for Settlement Conference, (ECF No. 43), Motion to Depose in Person, (ECF No. 53), and Motion for Disclosure, (ECF No. 55). For the reasons below, the Court:

- **GRANTS** the defendants' motions;

- **DENIES** Simelton's motions; and

- **ORDERS** all the plaintiffs to respond to the defendants' interrogatories and requests for document production by **Monday, February 15, 2021**. <u>Failure to do so will lead to dismissal</u>.

## I. PROCEDURAL & FACTUAL HISTORY

The plaintiffs, pro se, are former residents of the McBride and Elmwood Housing developments in Cairo, Illinois. They filed separate civil-rights complaints between August and September 2019. The Court consolidated the cases because they involve common questions of fact and law. This is the lead case.

In August 2020, after nearly a year of virtually no case activity, the Court referred the matter for a settlement conference with Magistrate Judge Reona Daly. The litigants failed to reach an agreement.

Shortly after the settlement conference, the defendants served the plaintiffs with their First Interrogatories and First Request for Production of documents. None of the plaintiffs responded.

Instead, Plaintiff Kenny Wayne Simelton asked the Court to "set up another settlement hearing." He also asked the Court to order in-person depositions because he and the other plaintiffs "did not know how to do or answer all the question[s] in the deposition." Finally, he asked the Court to order "full disclosure from Galloway Law Firm in the case of the tenants of Elmwood and McBride Housing Projects vs. Alexander County Housing Authority, Case Number 3:16-CV-513" because the "information could make [the] case move much faster." The defendants did not respond.

## II. LAW & ANALYSIS

The Court understands that the plaintiffs are pro se and does not hold them out as attorneys. Even so, they decided to sue: They must respond to the defendants' interrogatories and requests for document production. Along those lines, it is up to the litigants, not the Court, to decide whether to settle; the Court will not conduct another settlement conference right now. And given the COVID-19 pandemic, the Court will not order the litigants to take depositions in person. Finally,

the Court reminds both sides of their obligation to engage in good-faith discovery in accordance with the Federal Rules of Civil Procedure.

### A. Legal Standard

The Court is "vest[ed]. . . with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *see James v. Hyatt Regency Chi.*, 707 F.3d 775, 784 (7th Cir. 2013) ("[D]istrict courts have broad discretion in discovery matters, and therefore this court reviews the denial of motions to compel discovery for an abuse of discretion.").

### B. Motions to Compel & Motion to Depose in Person

"[A] party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a). "The responding party must serve its answers and objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33(b)(2). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). "The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). If the responding "party fails to answer an interrogatory," then the "party seeking discovery may move for an order compelling an answer . . . ." Fed. R. Civ. P. 37(a)(3)(B)(iii).

Similarly, "[a] party may serve on any other party a request . . . to produce and permit the requesting party or its representative to inspect, copy, test, or sample . . . any designated documents or electrically stored information . . . in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). "The party to whom the request is directed must respond in writing within 30 days after being served . . . ." Fed. R. Civ. P. 34(b)(2)(A). "For each item or category, the

response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). "An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to party of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C). If the responding "party fails to produce documents or fails to respond that inspection will be permitted [] or fails to permit inspection," then the "party seeking discovery may move for an order compelling [a] . . . production[] or inspection." Fed. R. Civ. P. 37(a)(3)(B)(iii).

Although the plaintiffs are pro se, that is not an excuse for not responding to the defendants' interrogatories or requests for document production. If the plaintiffs are confused by any of the interrogatories or requests, then they can object to them <u>in writing</u> or seek further guidance from defense counsel. They must, however, try to respond to each interrogatory or request in good faith, meaning to the best of their abilities. To that end, the Court **ORDERS** the plaintiffs to respond to the defendants' interrogatories and requests for document production by **Monday, February 15, 2021**. <u>Failure to do so will lead to dismissal</u>.

Along those lines, the Court will not endanger any litigants by forcing them to attend in-person depositions during a global pandemic. Stopping the spread of the deadly COVID-19 virus is of paramount national importance. Indeed, the Court itself has been closed to the public for some time. The plaintiffs must cooperate with defense counsel by taking video depositions. This is currently expected of all litigants in civil cases.

The Court therefore **GRANTS** the defendants' motions to compel and **DENIES** Simelon's Motion to Depose in Person.

### C. Motion for Settlement Conference

"The parties may request a settlement conference at any time." SDIL-LR 16.3. Still, "[d]istrict courts have discretion to schedule and, by implication, to cancel settlement conferences . . . ." *Smart v. Int'l Bros. of Elec. Workers, Local 702*, 453 Fed. App'x 650, 654 (7th Cir. Dec. 23. 2011).

The Court granted Simelton's request for a settlement conference once before. The litigants met with Judge Daly, and supposedly an offer was made and rejected. Of course, the litigants are free to continue to settlement process (and are encouraged to do so). But unless <u>both</u> sides express that another settlement conference would likely lead to an agreement, the Court will not consider further intervention.

The Court therefore **DENIES** Simelton's Motion for Settlement Conference.

### D. Motion for Disclosure

In general "[p]arties may obtain discovery regarding any <u>nonprivileged</u> matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1) (emphasis added). A party need not wait to exchange discovery until requested by the other side. Fed. R. Civ. P. 26(a)(1)(A). In fact, "a party **must** . . . provide to the other parties:

> (i) "the name and, if known, the address and telephone number of each individual likely to have discoverable information— along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (ii) "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

> (iii) "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and
>
> (iv) "for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment."

*Id.* (emphasis added).

Simelton argues that the defendant's law firm, Galloway Johnson, must produce documents related to a nearly identical case from 2016 to which none of the plaintiffs were a party. The Court disagrees.

Both sides are expected to engage in good-faith discovery. As discussed above, the plaintiffs cannot avoid the defendants' discovery requests; and by the same token, the defendants are required to meet their burden. The Court will not, however, order the defendants to produce privileged materials—including attorney work-product: "material 'obtained or prepared by an adversary's counsel' in the course of his legal duties, provided that the work was done 'with an eye toward litigation.'" *In re Sealed Case*, 676 F.2d 793, 809 (D.C. Cir. 1982) (quoting *Hickman v. Taylor*, 329 U.S. 495, 511 (1947)).

The Court therefore **DENIES** Simelton's Motion for Disclosure.

### III. CONCLUSION

The Court:

- **GRANTS** Defendants Alexander County Housing Authority, James Wilson, Thomas Upchurch, Joanne Pink, and Martha Franklin's motions to compel;

- **DENIES** Simelton's Motion for Settlement Conference, Motion to Depose in Person, and Motion for Disclosure; and

- **ORDERS** all the plaintiffs to respond to the defendants' interrogatories and requests for document production by **Monday, February 15, 2021**. <u>Failure to do so will lead to dismissal</u>.

**IT IS SO ORDERED.**

**Dated: Tuesday, January 12, 2021**

s/J. Phil Gilbert<br>
**J. PHIL GILBERT**<br>
**UNITED STATES DISTRICT JUDGE**